A90A1379. JEFFERSON v. THE STATE.
(397 SE2d 129)

DEEN, Presiding Judge.

Gary Jefferson appeals his convictions of robbery by force and possession of a firearm during the commission of a felony.

1. Appellant contends that there was insufficient evidence for a rational trier of fact to find him guilty of the crimes beyond a reasonable doubt.

The record indicates two instances from which the jury could rationally find the physical force or violence by appellant necessary to support a conviction of robbery by force. The victim, who was a clerk at the convenience store that was robbed, testified that appellant hit her as he jumped across the counter and then he threw her to the end of the counter so he could reach the cash register. In support of the count of possession of a firearm, the victim testified that defendant had a gun placed partially down the back of his pants. Based on this testimony, there was sufficient evidence for a rational trier of fact to find the appellant guilty beyond a reasonable doubt on both counts. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

2. At the end of his charge to the jury, the trial court asked counsel if there were any exceptions. Appellant's counsel excepted to the charge on possession of a firearm during the commission of a felony, because the jury was charged that theft by taking was a felony. Counsel argued that if the jurors found the defendant guilty of theft by taking, they were authorized to find him guilty of possession of a firearm during a crime. When the court realized that the amount of money taken was less than $100, it recharged the jury: "[I]f you find the defendant guilty of robbery by force, then you would be authorized to find defendant guilty of possession of a firearm during the commission of a crime because that would be a felony . . .; [i]f you find the defendant guilty of theft by taking in this case you cannot find him guilty of possession of a firearm during the commission of a crime because the theft by taking in this instance would be a misdemeanor and that crime is not a felony." Appellant argues that since the trial court mentioned that robbery by force is a felony and theft by taking in this case is a misdemeanor, the jury was allowed, in effect, to determine whether he would be punished for a felony or a misdemeanor, a determination which is outside the province of the jury. We find no merit in this enumeration.

The trial court's recharge to the jury simply explained why the jury would be authorized to convict the appellant for possession of a firearm during the commission of a crime if they found him guilty of robbery by force and why they could not do so if they found him guilty of the lesser included offense of theft by taking: the reason being that one is a felony and the other a misdemeanor. As the court made no mention of the potential sentences for each respective crime, the mere labeling of the crimes as a felony or misdemeanor was not erroneous, and the recharge by the trial court was proper.

3. In his final enumeration of error, appellant asserts that the court did not have proper jurisdiction to hear the case because the trial was held at the Woodbine City Hall rather than the Camden County Superior Court, which is also in Woodbine. Alternative loca-

tions are lawfully provided by OCGA § 15-6-18. Appellant's failure to object at trial to the propriety of the forum bars him from raising it for the first time on appeal. *Hill v. State*, 183 Ga. App. 654 (360 SE2d 4) (1987).

For the foregoing reasons, the conviction of the lower court is affirmed.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Clyde M. Urquhart*, for appellant.
*W. Glenn Thomas, Jr.*, District Attorney, *Daniel A. Hiatt*, Assistant District Attorney, for appellee.