## A92A1837. CLARK v. THE STATE.
(424 SE2d 310)

JOHNSON, Judge.

Thelmon Clark pleaded guilty to the offenses of voluntary manslaughter, possession of a firearm by a convicted felon and possession of a firearm during the commission of a crime. Clark was sentenced to a term of 12 years to serve in prison on the manslaughter count. On the two other counts he received sentences of five years each to serve concurrently, to run consecutive to the twelve-year term, seventeen years total time to serve. Clark appeals from the trial court's denial of

his motion for concurrent sentences.

1. In his first enumeration of error, Clark asserts that the trial court erred in failing to allow all of the sentences to run concurrently. He argues that ordering two of the sentences to run consecutively violates his constitutional protection against double jeopardy. Although his argument is not completely clear, he appears to assert that the offenses of possession of a firearm by a convicted felon and possession of a firearm during the commission of a felony are both lesser included offenses of voluntary manslaughter. Therefore, they should merge, and also merge with the manslaughter offense. This issue was decided adversely to Clark in *Scott v. State*, 190 Ga. App. 492 (379 SE2d 199) (1989). "Georgia courts have held that the offense of possession of a firearm by a convicted felon does not merge with an offense charging possession of a prohibited weapon. The conduct prohibited by OCGA § 16-11-131 (b) is the receipt, possession, or transportation of 'any firearm' by '(a)ny person . . . who has been convicted of a felony.' The conduct prohibited by OCGA § 16-11-106 (b) is having 'on or within arm's reach of (one's) person a firearm . . . during the commission of, or the attempt to commit' certain enumerated felonies. Under these statutes, an essential element of the former crime, but not of the latter, is the status of the accused as a convicted felon, whereas an essential element of the latter crime, but not the former, is the commission of a felony while in possession of a weapon. One crime is not 'included' in the other, nor do they merge factually, because each involves proof of distinct essential elements." (Citations omitted.) Id. at 495.

Similarly, the offense of possession of a firearm during the commission of a crime is an offense separate and apart from voluntary manslaughter. "We recently wrote the following in *Wiley v. State*, 250 Ga. 343 (6) (296 SE2d 714) (1982): 'The offense of possession of a firearm during the commission of a felony does not merge into the felony upon convictions for both. In 1976, the General Assembly amended Ga. Code Ann. § 26-9908a, the Code section which defines the offense of possession of a firearm during the commission of a felony. The amendment provides: "Notwithstanding any prior court decision to the contrary, any crime committed in violation of this section shall be considered a separate offense." Ga. L. 1976, pp. 1591, 1592. "Thus, there is express legislative intent to impose double punishment for conduct which violates both Code Ann. § 26-9908a and other felony statutes." *Wilson v. Zant*, 249 Ga. 373, 380 (290 SE2d 442) (1982). Such double punishment is not constitutionally prohibited, nor is it violative of our double jeopardy statutes to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution.' " *Miller v. State*, 250 Ga. 436, 437 (298 SE2d 509) (1983). The imposition of

sentences to run consecutively on discrete offenses was not error. See also *Moore v. State*, 140 Ga. App. 824 (232 SE2d 264) (1976).

2. In his second enumeration of error Clark contends that the trial court erred when it allowed the assistant district attorney to propose that the court run the five-year sentence consecutive to the twelve-year sentence. A review of the transcript reveals that no objection was made following the state's suggestion to the court regarding sentencing. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citations and punctuation omitted.) *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991). Even had an objection been timely raised, this enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

Decided October 26, 1992.

Thelmon Clark, *pro se.*

Michael J. Bowers, Attorney General, Robert E. Wilson, District Attorney, Elisabeth G. Macnamara, Stacy Y. Cole, Assistant District Attorneys, for appellee.