A92A1953. ANDERSON v. THE STATE.
(427 SE2d 564)

CARLEY, Presiding Judge.

Appellant was tried before a jury on an indictment charging him with armed robbery. He was found guilty and appeals from the judgment of conviction and sentence entered by the trial court on the

jury's guilty verdict.

1. The trial court charged on robbery as defined in OCGA § 16-8-40 (a) (2) and on theft by taking as lesser included offenses of armed robbery. After this recharge, a juror asked whether "robbery" could be defined as the commission of a "theft with intimidation." In an apparent attempt to demonstrate that the crime of "robbery" could encompass a *broader* range of proscribed conduct than merely the commission of a "theft with intimidation," the trial court responded to the juror's inquiry by recharging on both armed robbery and robbery as defined in OCGA § 16-8-40 (a) (2) and by emphasizing the alternative methods by which those types of "robbery" could be committed.

On appeal, appellant urges that this recharge was not responsive to the juror's inquiry. However, the recharge was directly responsive to the juror's inquiry, insofar as it correctly instructed that the crime of "robbery" was not necessarily *limited* to the commission of a "theft with intimidation," but that it also included the commission of a theft by other means. Moreover, the trial court asked whether the recharge had made "it clear" for the juror and the juror gave an unqualified affirmative response to the trial court. "The recharge of the trial court answered the questions posed by the jurors. [Cit.] . . . Examining the recharge and the original charge in toto, we find that the recharging did not overemphasize [any] principle, and ran no fair risk of misleading the jury." *Taylor v. State*, 195 Ga. App. 314, 315 (1, 2) (393 SE2d 690) (1990).

2. After the recharge discussed in Division 1, another juror asked for "[a] clarification of the word ['intent']." On appeal, appellant urges that the trial court's response to this inquiry was erroneously "inappropriate."

Intent was not a disputed issue in the instant case. By his own testimony, appellant admitted that he had taken the property with the requisite intent of stealing it. His only "defense" was that, contrary to the victim's testimony, he had not employed a weapon, intimidation, threats or coercion in doing so. Thus, the only contested issue was whether appellant was guilty of armed robbery, robbery as defined in OCGA § 16-8-40 (a) (2) or, as his own counsel urged in closing argument, guilty of theft by taking. Since intent to commit a theft was not in dispute, error, if any, in the trial court's response to the juror's request for clarification of that issue would be harmless. See *Burton v. State*, 256 Ga. 690, 691 (2) (353 SE2d 180) (1987).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Stacy Y. Cole, Barbara B. Conroy, Robert W. Houman, Assistant District Attorneys*, for appellee.