A94A0184. CLEVELAND v. THE STATE.
(441 SE2d 820)

McMURRAY, Presiding Judge.

Via indictment, defendant was charged with aggravated assault and possession of a firearm during the commission of a crime. He was acquitted on the aggravated assault charge and convicted on the possession of a firearm charge. His motion for a new trial was denied and he appealed. In his sole enumeration of error, defendant asserts his acquittal on the aggravated assault charge demands a reversal of his conviction on the possession of a firearm charge. We disagree. *Held*:

"While it may be difficult to reconcile the conviction of defendant with the . . . jury's verdict acquitting defendant of the [aggravated assault charge], we note that the inconsistent verdict rule was abolished in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216). See also *Allen v. State*, 203 Ga. App. 359 (416 SE2d 869). The evidence at trial must be viewed in the light most favorable to upholding the verdict of the jury. Since there is ample evidence that defendant [used a firearm in the commission of a crime], a rational trier of fact was authorized to conclude that defendant was guilty beyond a reasonable doubt of the offense of possession of a firearm [during the commission of a crime]. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Dorsey v. State*, 206 Ga. App. 709, 715 (7) (426 SE2d 224)." *Garcia v. State*, 208 Ga. App. 808 (432 SE2d 122). See *United States v. Powell*, 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

Decided March 9, 1994.

*Robert Culpepper III,* for appellant.

*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney,* for appellee.