## A94A0748. HARRISON v. THE STATE.
(444 SE2d 613)

COOPER, Judge.

In a multi-count indictment, defendant was charged with two counts of armed robbery (Counts I and VI), two counts of aggravated assault (Counts II and IV), and three counts of possession of a firearm during the commission of certain crimes (Counts III, V and VII). Counts I, II and III stemmed from an incident which occurred on July

10, 1992, against Lance Coleman. Counts IV and V resulted from an incident which occurred on July 10, 1992, against Diane Gibson, and Counts VI and VII resulted from an incident which occurred on July 17, 1992, against Betty Jean Walker. The jury found defendant not guilty on Count I, guilty on Counts II, III and VII and guilty of the lesser included offense of theft by taking as to Count VI. On Counts IV and V, the jury was unable to reach a verdict, and a mistrial was declared. Defendant appeals from the judgment of conviction entered on the jury verdict and from the denial of his motion for new trial.

The transcript reveals that on July 10, 1992, defendant and another man got out of a car and began waving pistols in the direction of Lance Coleman and another man. Defendant fired his pistol several times in Coleman's direction, and one of the bullets struck Coleman in the leg. On July 17, 1992, Betty Jean Walker was talking to a man on the porch of a house when defendant grabbed her from behind and pulled her into the house. Defendant had a gun in one hand while he hit Walker in the face with the fist of his other hand. Defendant also snatched $20 out of Walker's hand.

1. In his first enumeration of error, defendant contends the trial court erred in allowing Lance Coleman to read his prior statement into evidence. At trial, Coleman testified that he was not sure who shot him. The prosecutor then asked Coleman to read the statement he gave to the police five days after the shooting. In that statement, Coleman positively stated that defendant was the person who shot him.

"A witness may be impeached by prior contradictory statements to matters relevant to his testimony and to the case; before the contradictory statements may be admitted against him the time, place, person and circumstances attending the former statement *shall be called to his mind* with as much certainty as possible. OCGA § 24-9-83." (Citations and punctuation omitted.) *Morris v. State*, 173 Ga. App. 663, 666 (4) (327 SE2d 792) (1985). The State concedes that the prosecutor used an incorrect procedure for admission of the prior inconsistent statement. It is also undisputed that defendant did not object to the reading of the statement. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citations and punctuation omitted.) *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992). Defendant's argument that no objection at trial was necessary is without merit. As the State points out, the prior inconsistent statement of the witness could have been admitted in any event through a different procedure. An objection by defendant would have required the State to utilize the correct procedure. Defendant's failure to object amounts to a waiver. *Clark*, supra.

2. Defendant also contends the trial court erred in its recharge to the jury. After some deliberation, the jury submitted the following

question to the court: "[I]f a victim's original statement conflicts with the statement given during the trial and the victim is the only witness against the defendant, should the jury favor the defendant as the defendant is innocent until proven guilty beyond a reasonable doubt?" The court responded as follows: "I cannot answer that question. That would invade your [province] and would give you an improper comment from the Court on the evidence, an improper intrusion into the jury's work. So I can't comment. You do have obviously the principle in mind, the defendant is innocent until proven guilty beyond a reasonable doubt. That, of course, is the law, and you're just going to have to struggle with this kind of question. This is the kind of question that the jury has to struggle with and resolve. And I can't do it for you. That would invade your [province]. That would be an improper comment by the court on the evidence in the case and on your deliberation."

"The recharge of the trial court answered the questions posed by the jurors. Examining the recharge and the original charge in toto, we find that the recharging did not overemphasize any principle, and ran no fair risk of misleading the jury." (Citations and punctuation omitted.) *Anderson v. State*, 207 Ga. App. 187, 188 (1) (427 SE2d 564) (1993).

3. In his third and fourth enumerations of error, defendant argues the trial court erred in sentencing him and denying his motion for new trial on Count VII, which charged defendant with possession of a firearm during the commission of the armed robbery of Betty Jean Walker. OCGA § 16-11-106 (b) provides: "Any person who shall have on or within arm's reach of his person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit . . . [a]ny crime against or involving the person of another . . . and *which crime is a felony*, commits a felony . . . ." (Emphasis supplied.) The evidence revealed that defendant took $20 from Betty Walker. If the jury had found defendant guilty of armed robbery or robbery by force, the conviction of possession of a firearm would be authorized by the evidence. However, since the jury found defendant guilty of theft by taking and the amount taken was less than $100, the theft by taking was a misdemeanor, and a conviction under OCGA § 16-11-106 was not authorized. See *Jefferson v. State*, 196 Ga. App. 770 (2) (397 SE2d 129) (1990). Accordingly, the judgment of conviction on Count VII must be reversed.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 27, 1994 —

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.