## A96A1409. STRONG v. THE STATE.
### (477 SE2d 866)

JOHNSON, Judge.

Tabitha Strong was charged by indictment with two counts of aggravated assault, possession of a firearm during commission of a felony, and discharge of a firearm on or near a public highway. Each of these charges arose out of the same domestic incident. The indictment charging Strong with possession of a firearm during the commission of a felony clearly specified that this charge was predicated upon the two alleged aggravated assaults with which she was also charged. Upon the trial of the case, the jury returned a verdict of not guilty as to the two counts of aggravated assault, but found Strong guilty of the remaining two charges. On appeal, Strong maintains that because she was acquitted on the aggravated assault charges, her felony conviction of possession of a firearm during the commission of a felony is void and must be reversed. We agree.

The Georgia Supreme Court abolished the inconsistent verdict rule in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). This Court applied *Milam* in *Cleveland v. State*, 212 Ga. App. 361 (441 SE2d 820) (1994) and concluded that a jury's acquittal of a defendant on aggravated assault charges had no relevance to the question of whether that jury was authorized to convict the defendant of possession of a firearm during the commission of a felony. For the reasons which follow, *Cleveland* is overruled.

OCGA § 16-11-106 (b) provides that any person having a firearm during the commission of, or attempt to commit, a crime which is categorized by law as a felony commits a felony. The existence of a felony or an attempted felony is thus an essential element of the separate firearm offense. In this case, the indictment expressly premised the possession of a firearm during the commission of a felony charge upon the two aggravated assault charges. The jury acquitted Strong of both aggravated assault charges. It found her guilty only of a violation of OCGA § 16-11-103, discharge of a gun or pistol near a public highway or street, a misdemeanor. Because the jury acquitted Strong

of an essential element of the felony firearm charge, the aggravated assault charges upon which her felony firearms indictment was predicated, the jury's verdict on the felony firearms charge is not merely inconsistent within the contemplation of *Milam*, it is mutually exclusive and therefore contrary to law. See *Harrison v. State*, 213 Ga. App. 366, 368 (3) (444 SE2d 613) (1994). The abolition of the inconsistent verdict rule in *Milam v. State*, supra, is inapplicable here. See *Thomas v. State*, 199 Ga. App. 586 (1) (405 SE2d 512) (1991) (mutually exclusive verdicts not within the contemplation of *Milam*).

Because this situation does occur with some frequency, some trial courts, often at the request of the State, have adopted the practice of bifurcating the trial, presenting the jury with the felony firearm charge only after it has convicted a defendant of the underlying predicate felony. The wisdom of such a practice is self-evident, and it avoids the dilemma presented by this and similar cases.

A conviction of possession of a weapon during the commission of a felony must stand or fall in conjunction with the underlying felony upon which the charge is predicated. Strong's conviction of possession of a firearm during the commission of a felony is reversed. To the extent *Cleveland*, supra, is inconsistent with this holding, it is overruled.

*Judgment reversed. Birdsong, P. J., Pope, P. J., Blackburn, Smith and Ruffin, JJ., concur. Beasley, C. J., McMurray, P. J., and Andrews, J., dissent.*

BEASLEY, Chief Judge, dissenting.

" 'Consistency in the verdict is not necessary.' " So wrote Oliver Wendell Holmes for the Supreme Court of the United States in *Dunn v. United States*, 284 U. S. 390, 393 (52 SC 189, 76 LE 356) (1932). He stood on rationale that had been developed in even earlier cases. The case involved three charges; the jury convicted defendant of one charge and acquitted him on two. One must look at this as though separate trials were had as to each, Justice Holmes wrote, with the same evidence presented at each trial. Res judicata could not be pleaded at the other trials, on separate counts, if the first resulted in acquittal. When tried together, so long as a guilty verdict is supported by evidence, it is not invalidated by an acquittal of a charge which also was supported by evidence had the jury chosen to convict.

More recently, the Supreme Court affirmed the rule and explained its logic. *United States v. Powell*, 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984). When a defendant is tried on two consistent charges and the jury convicts of one but acquits of the other, the Court reasoned that it is possible "that the jury, convinced of guilt, properly reached its conclusion on [one] offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion

on the [other] offense." Id. at 65. If the evidence supports the conviction, then defendant simply gets a windfall. The criminal defendant is protected against jury irrationality or error *not* in his favor "by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." Id. at 67. With the decision in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), Georgia now follows the same rule.

The instant case, like *Cleveland v. State*, 212 Ga. App. 361 (441 SE2d 820) (1994), involves acquittal of aggravated assault and conviction of possession of a firearm during commission of a felony. Applying the rule adopted in *Milam*, the court affirmed Cleveland's conviction because the evidence supported it. The same applies to Strong's case.

The situation was different in *Thomas v. State*, 199 Ga. App. 586 (405 SE2d 512) (1991). Thomas was convicted of both armed robbery of a car and theft by receiving a stolen car, the same one. There was evidence to support either offense, but the elements were mutually exclusive so both convictions could not stand. The court vacated the conviction for theft and affirmed the conviction for armed robbery. Id. at 588 (1).

*Harrison v. State*, 213 Ga. App. 366, 368 (3) (444 SE2d 613) (1994), also presented a conviction on mutually exclusive verdicts. Defendant was charged with armed robbery against Betty Jean Walker and possession of a firearm during commission of that crime. The jury found him guilty of the lesser included offense of theft by taking, plus possession of a firearm. The latter could not stand because the amount taken from Walker was $20, which made the theft a misdemeanor, and an element of the crime of firearm possession is that it be committed during a felony. OCGA § 16-11-106 (b). The verdict for theft by taking, a misdemeanor under the facts, acquitted defendant of armed robbery and thus excluded a verdict for possession of a firearm during commission of a *felony*. This was not an instance of jury lenity, mistake in conveying the jury's real conclusions, or compromise.

Mutually exclusive verdicts, which cannot both stand, result in two positive findings of fact which cannot logically mutually exist. Inconsistent verdicts, which do not introduce invalidity, bespeak a positive finding of fact as to one charge and the failure to make a positive finding of fact as to the other. The latter, which results in an acquittal, does not constitute a negative finding of fact but may be explained as compromise, mistake, or lenity. We can neither speculate nor inquire.

Justice Rehnquist recognized the distinction between inconsistent verdicts, which can stand, and those which are mutually exclusive, which cannot. In the last footnote in *Powell*, he was careful to

note, "Nothing in this opinion is intended to decide the proper resolution of a situation where a defendant is convicted of two crimes, where a guilty verdict on one count logically excludes a finding of guilt on the other. [Cits.]" *Powell*, supra at 69, n. 8. Inconsistent verdicts involve a conviction on one count and an acquittal on another count; mutually exclusive verdicts involve two convictions.

In this instance there is inconsistency, not mutual exclusivity. I agree with Presiding Judge McMurray.

I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

McMURRAY, Presiding Judge, dissenting.

In my view, the trial court was correct and should be affirmed by this Court. Therefore, I respectfully dissent.

A number of earlier decisions of this Court apply a rule concerning mutually exclusive *convictions*. That rule has no application to a verdict of acquittal. It is meaningful only with reference to examining multiple convictions to determine if they are mutually exclusive, that is, if one necessarily excludes the other. This point is made particularly well in *Thomas v. State*, 199 Ga. App. 586, 587 (1) (405 SE2d 512) (rev'd on other grounds, 261 Ga. 854 (413 SE2d 196)) via a quote from 18 ALR3d 259, 283: " 'The general rule dispensing with the necessity for consistency as between the acquittals and guilty verdicts under a multicount indictment or information is not ordinarily applied where the jury returns multiple convictions as to crimes which are mutually exclusive of each other.' " All of the cases relied upon by the majority involve only mutually exclusive multiple *convictions*. *Thomas* held *convictions* for armed robbery of a car and for theft by receiving the same car were mutually exclusive. *Harrison v. State*, 213 Ga. App. 366, 368 (3) (444 SE2d 613) involves whether *convictions* for misdemeanor theft by taking and a violation of OCGA § 16-11-106 (b) (possession of a gun or knife during the commission of certain felonies) were mutually exclusive. *Harrison* in turn is predicated on *Jefferson v. State*, 196 Ga. App. 770, 771 (2) (397 SE2d 129) which approves a jury charge which authorizes a conviction for possession of a firearm during a (felony) crime only if a felony conviction is returned for the underlying robbery, but not if the robbery charge results in a misdemeanor conviction.

When one begins to examine the question of whether a conviction is consistent with an acquittal, one is within the area governed by the decision in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) which abolished the inconsistent verdict rule. In my view, *Milam* is controlling here and I would hold that the verdicts in the case sub judice, as in *Cleveland v. State*, 212 Ga. App. 361 (441 SE2d 820), are merely inconsistent since there are no mutually exclusive convic-

tions.

I am authorized to state that Chief Judge Beasley and Judge Andrews join in this dissent.

DECIDED NOVEMBER 1, 1996.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney, Kathy L. Register, Assistant District Attorney*, for appellee.