## A97A1535. VARNADOE v. THE STATE.

(490 SE2d 517)

JOHNSON, Judge.

A jury found Jason Varnadoe guilty of armed robbery and burglary, but not guilty of aggravated assault and possession of a firearm during the commission of a crime. He appeals from the denial of his motion for new trial.

Viewed in a light to support the verdict on appeal, facts introduced at trial are as follows: On July 27, 1995, Phillip Griffin discovered his shotgun was missing from underneath his bed. Less than four hours later, Galen Noll, an off-duty police officer working a second job delivering pizza, was robbed in a residential neighborhood by at least three assailants, one of whom was armed with the stolen shotgun and one armed with a pistol. Noll testified that some or all of the assailants were wearing blue bandannas. The shotgun, the pistol, Noll's cellular phone, a pizza delivery bag and a blue bandanna were found in the woods near an apartment complex. Several people in the neighborhood observed what they considered to be suspicious activity and at least two of them called 911 with descriptions of four teenagers they had seen sitting in a car and then running from a house where pizza had been delivered to a car parked in a dark area behind a school. One of the callers was able to give a partial car tag number to the police which led to Varnadoe's arrest.

Fred Jones, one of the perpetrators, testified for the state. He said that Varnadoe and another young man stole the shotgun used during the robbery earlier the same day. He told the jury that Varnadoe loaded the shotgun and wiped fingerprints off of the gun with a blue bandanna. He described the discussions leading to the commission of the armed robbery and told the jury that Varnadoe had participated in the planning, provided transportation to and from the crime scene, and volunteered to make the phone call luring Noll to the robbery site. These details of the crime were corroborated by Kenneth Cooper who also testified for the state under a plea agreement. Cooper also described how the guns, pizza bag, bandanna and cellular phone were disposed of in the woods.

Finally, the lead investigator in the case testified that, after he advised Varnadoe of his *Miranda* rights, and in the presence of his stepfather, Varnadoe gave a confession which was consistent with the trial testimony of Jones and Cooper. In that statement Varnadoe described how he had driven around with the other three men, helped plan the robbery, ordered the pizza, and waited at a nearby school for the victim to arrive. He also admitted that he had stolen the shotgun and that this same shotgun was used during the robbery.

1. Varnadoe's contention that the trial court erred in refusing to sever the burglary count from the armed robbery count is without

merit. Where joinder is based on a series of acts connected together, severance of the various counts in an indictment lies within the sound discretion of the trial court. *Bland v. State*, 264 Ga. 610, 611 (2) (449 SE2d 116) (1994). Varnadoe's argument that "the events giving rise to the burglary were wholly unrelated and unconnected to the remaining charges" is not supported by the facts of this case. Likewise, the fact that Varnadoe admits his willing participation in the burglary but claims he was coerced into participating in the subsequent armed robbery has no bearing on whether the acts constitute a continuing series of acts.[1] Although the burglary and the armed robbery occurred several hours apart, the appropriation of a shotgun used in the robbery shows a continuing course of criminal conduct. Accordingly, we conclude that the denial of the motion to sever the offenses was not an abuse of the trial court's discretion. See *Whitfield v. State*, 217 Ga. App. 402, 403 (1) (457 SE2d 682) (1995).

2. In his second enumeration of error Varnadoe argues that the trial court erred in denying Varnadoe's motion for new trial based on the general grounds. This enumeration of error is normally an attack on the sufficiency of the evidence presented at trial. But here Varnadoe argues that the verdict, guilty of armed robbery but not guilty of possession of a firearm during the commission of a crime, is an inconsistent and therefore impermissible verdict. *Milam v. State* 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). We disagree. Varnadoe's reliance on *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996), is misplaced. In *Strong* the appellant was acquitted of aggravated assault but found guilty of possession of a firearm during the commission of a felony. We held that "[a] conviction of possession of a weapon during the commission of a felony must stand or fall in conjunction with the underlying felony upon which the charge is predicated." Id. at 435. The facts of this case are clearly distinguishable. Here, Varnadoe was acquitted of the possession of a firearm charge but convicted of armed robbery. The jury was instructed that a person may be a party to a crime if that person either directly commits the crime or intentionally helps in the commission of the crime. The jury was further charged that any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that the person was a party to it. See OCGA § 16-2-20. The jury heard testimony that Varnadoe assisted not only in the planning of the crime, but placed the call which ensured that the victim would appear. And although there was evidence before the jury

---

[1] Alternatively, Varnadoe contends later in his brief that his primary defense at trial was that he believed that the events leading up to the armed robbery were a prank being played on him by gang members.

that weapons were used during the commission of the armed robbery, the jury apparently believed that Varnadoe was not the person wielding either the shotgun or the handgun, making him guilty of armed robbery as a party, but not guilty of actually possessing the weapon. This Court does not reweigh the evidence or speculate about which evidence a jury chose to believe or disbelieve. There was sufficient evidence presented in this case to support the jury's conclusion that Varnadoe was guilty of armed robbery. See *Leigh v. State*, 223 Ga. App. 726, 728-729 (2) (478 SE2d 905) (1996).

3. Varnadoe's assertion that the trial court erred in denying his motion for new trial because trial counsel was ineffective is without merit. "To show inadequacy of trial counsel, a defendant must establish not only that counsel's conduct fell below an objective standard of reasonableness, but, further, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted.) *Lindo v. State*, 218 Ga. App. 756, 758 (2) (463 SE2d 148) (1995). In denying Varnadoe's motion for new trial based on his claim that trial counsel was ineffective, the trial court was "of the firm opinion that the trial counsel conducted the case with due skill and diligence and effectiveness."

Specifically, Varnadoe argues that trial counsel failed to discover that Ashley Finch, as he was named on the state's witness list, was Robert Ashley Finch, and therefore could not effectively cross-examine this crucial witness. On direct examination Varnadoe testified he had never been in a gang and had never had anything to do with gang activity. Finch was called by the state as a rebuttal witness to testify that Varnadoe was a member of a gang and that Varnadoe's participation in the armed robbery was either part of his initiation into the gang or compliance with his role as a gang member. We agree with the trial court's assessment that this testimony was neither exculpatory nor critical to the trial. Therefore Varnadoe cannot show a reasonable probability that the result of the proceeding would have been different but for counsel's failure to ascertain the identity of Ashley Finch prior to trial.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless it is clearly erroneous. [Cit.]" (Citations and punctuation omitted.) Id. The trial court's conclusion in this case that Varnadoe's trial counsel was not ineffective on this ground was not clearly erroneous. Accordingly, the trial court did not err in denying Varnadoe's motion for new trial based on ineffective assistance of counsel.

4. Finally, Varnadoe asserts "the trial court erred by failing to grant appellant a mistrial where appellant was irreparably harmed by prosecutorial misconduct which directly resulted in witness per-

jury as to critical and paramount elements of appellant's case." In the argument presented in support of this enumeration of error, we find no citation to the record regarding where a motion for mistrial based on this issue was made. See Court of Appeals Rule 27 (a) (1). We believe appellant intended to assert that the trial court erred in failing to grant a new trial on these grounds. "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." (Citations and punctuation omitted.) *Williams v. State*, 250 Ga. 463, 465 (298 SE2d 492) (1983). These serious allegations were presented to the trial court which heard evidence regarding Finch's alleged perjury and concluded in its order: "[The witness'] story at the motion for new trial was inconsistent on many occasions and his demeanor indicated to the court that his contentions made at the motion for new trial are totally without merit and not to be believed." "We will not reverse the trial court's fact findings which underpin its legal conclusion made at a motion for new trial hearing unless they are clearly erroneous." (Citations and punctuation omitted.) *White v. State*, 221 Ga. App. 860, 862 (2) (473 SE2d 539) (1996). This Court will not second guess the trial court which heard testimony from this witness both at trial and at the motion for new trial hearing and was in a position to evaluate the demeanor of the witness and the credibility of his testimony. Having failed to establish that the witness' testimony was perjured, Varnadoe's claim that the prosecutor suborned this alleged perjury cannot stand.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 28, 1997 — ▮▮▮▮▮▮▮▮▮▮

*Debra G. Gomez*, for appellant.

*Kelly Burke, District Attorney, A. James Rockefeller, Assistant District Attorney*, for appellee.