A98A0992. SAMPLE v. THE STATE.
(503 SE2d 576)

BLACKBURN, Judge.

Cazembe J. Sample pled guilty to the crimes of possession of marijuana with intent to distribute and possession of a firearm during the commission of the felony of trafficking cocaine. Subsequently,

Sample filed a motion to have the sentence relating to the possession of a firearm nullified.[1] The trial court denied Sample's motion, and he now appeals. For the reasons set forth below, we affirm.

On February 20, 1996, Sample was indicted by a grand jury on four counts: (1) possession of marijuana with intent to distribute; (2) possession and trafficking of cocaine; (3) possession of a .44 magnum firearm during the commission of the felony of trafficking cocaine; and (4) possession of a .380 caliber firearm during the commission of the felony of trafficking cocaine. Pursuant to a negotiated plea bargain, Sample pled guilty to Counts 1 and 4, and the State agreed to enter a nolle prosequi on the remaining two counts. Sample also agreed to testify against two co-defendants who had been caught in the same "buy and bust" in which Sample participated.

At the May 15, 1996 hearing at which Sample entered his guilty plea, the prosecutor began by listing each of the crimes for which Sample had been indicted. Sample, an educated man who had attended two years of college, admitted that he had read the charges in the indictment and that he understood them completely. Count 4 of the indictment clearly and unequivocally states that the firearm charge was related to the felony of trafficking cocaine, not marijuana. Sample also stated that he understood the sentence that the State had recommended to the court, that his plea was voluntary, and that he was satisfied with the representation that he had received from his attorney.

After Sample made all of these statements, the prosecutor asked: "Did you in fact during the commission of a felony, that being violation of the Georgia Controlled Substances Act possession of *marijuana* with intent to distribute, did you possess a firearm?" (Emphasis supplied.) Sample answered this question affirmatively. Sample also testified that he attempted to sell marijuana to an undercover officer and that he assisted in setting up a sale of cocaine to the same officer, although he did not intend to conduct that transaction himself. On the same day as the hearing, Sample and his attorney signed a statement on the face of the indictment indicating that Sample was pleading guilty to Counts 1 and 4 therein.

Based on the evidence before it, the court sentenced Sample to ten years on Count 1 and five years to be served on Count 4 consecutively. Sample was to serve two years in jail on Count 1, then five years on Count 4. Eight years of probation would follow Sample's incarceration. On August 29, 1997, Sample filed a motion for an order nullifying his sentence with regard to the firearm charge,

---

[1] Sample has not challenged the plea he gave nor the sentence he received with regard to the charge of possession of marijuana.

which the court denied. It is this denial which Sample now appeals.

1. Sample's contentions are based entirely on the prosecutor's slip of the tongue during the plea hearing, when he referred to marijuana instead of cocaine while questioning Sample about the factual basis underlying his guilty plea on Count 4 of the indictment. Because of this slip of the tongue, Sample contends that he pled guilty only to the nonexistent crime of possessing a firearm while also possessing marijuana, not cocaine. Sample further argues that, under Georgia law, marijuana is not considered a controlled substance, and, as such, the firearm charge, which depends on the trafficking of a controlled substance, was unfounded. See *Asberry v. State*, 220 Ga. App. 40 (467 SE2d 225) (1996).

Based on the transcript, however, Sample's argument is misplaced. In essence, Sample suggests that, despite the facts that Count 4 unambiguously referred to trafficking in cocaine, that both he and his attorney read the clearly worded Count 4 before entering his plea, that Sample testified that he understood the indictment completely, that Sample testified that his plea was voluntary, that Sample and his attorney signed a plea of guilty on the face of the indictment, and that the plea itself was the result of a negotiated agreement, his sentence should be nullified because the prosecutor misspoke during the hearing, mentioning marijuana rather than cocaine. Based on his own testimony, Sample read the indictment and knew that he was being charged with possession of a firearm while trafficking cocaine. Notwithstanding the prosecutor's misstatement, there was ample ground to find a factual basis for Sample's guilty plea to Count 4 when the proceeding as a whole is reviewed. The State elected not to prosecute the cocaine trafficking charge based on Sample's acceptance of the unambiguous negotiated plea. The evidence will be viewed in a light most favorable to upholding the sentence imposed. We find no error in the holding of the trial court.

2. Sample further contends that he could not plead guilty to possession of a firearm during the commission of a felony when the State entered a nolle prosequi on the underlying felony itself. As support for this contention, Sample cites *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996). *Strong*, however, is inapplicable here. In *Strong*, the defendant was indicted on two counts of aggravated assault, possession of a firearm during the commission of a felony, and discharge of a firearm on or near a public highway. A jury found the defendant not guilty on the counts of aggravated assault, the underlying felony, but guilty of the firearm charges. This Court reversed the conviction for possession of a firearm during the commission of a felony, stating: "A *conviction* of possession of a weapon during the commission of a felony must stand or fall in conjunction

with the underlying felony upon which the charge is predicated." (Emphasis supplied.) Id. at 435. As no jury has acquitted Sample of the underlying felony of trafficking cocaine, *Strong* provides no precedential value here. Furthermore, "[a] *nolle prosequi* does not adjudicate either the innocence or guilt of the accused unless the accused has been placed in jeopardy." (Emphasis in original.) *Hunter v. State*, 104 Ga. App. 576, 577 (2) (122 SE2d 172) (1961). Simply because the State used its discretion to nolle prosequi the cocaine trafficking claim pursuant to a negotiated plea does not mean that the felony was not committed. Moreover, in general, a knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown. See, e.g., *Edmond v. State*, 214 Ga. App. 707 (448 SE2d 775) (1994). Again, we find no error.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 27, 1998.

*Timothy T. Herring*, for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.