## A98A2236. THE STATE v. RAY.
(510 SE2d 361)

Judge Harold R. Banke.

Although the jury acquitted Paul E. Ray of malice murder, felony murder, armed robbery, and burglary, it found him guilty of possession of a firearm during the commission of a felony. Ray's codefendant was convicted on all five counts. Finding the verdict against Ray illegal, the trial court refused to enforce it. The State appeals from the order in arrest of the judgment and conviction. *Held*:

The State contends that the trial court committed reversible error by refusing to sentence Ray and arresting the judgment and conviction. We disagree.

An essential element of a felony firearm conviction under OCGA § 16-11-106 (b) is the commission of a felony or an attempt to do so. *Strong v. State*, 223 Ga. App. 434-435 (477 SE2d 866) (1996). "A conviction of possession of a weapon during the commission of a felony must stand or fall in conjunction with the underlying felony upon which the charge is predicated." *Strong*, 223 Ga. App. at 435.

Here, the State premised the firearms count on commission of "armed robbery and burglary." Because Ray's acquittal on the underlying felonies vitiates an essential element of the possession charge, that conviction cannot stand. Compare *Varnadoe v. State*, 227 Ga. App. 663, 664 (2) (490 SE2d 517) (1997). Accordingly, the trial court properly arrested the judgment.

Notwithstanding the State's contention to the contrary, the abolition of the inconsistent verdict rule in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) has no bearing on this case. *Strong*, 223 Ga. App. at 435.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 7, 1998.

*Tambra P. Colston, District Attorney, Lisa W. Tarvin, Martha P. Jacobs, Assistant District Attorneys*, for appellant.
*Farless & Newton, William H. Newton III*, for appellee.