## A99A2481. PARKMAN v. THE STATE.
(526 SE2d 640)

JOHNSON, Chief Judge.

Kevin Parkman and Wade Gomillion accosted a couple walking in Augusta. Parkman punched the man in the face while Gomillion pointed a gun at the woman and took her backpack. Parkman and Gomillion then ran from the area with the backpack, and the couple reported the assaults to a nearby police officer. A short time later, that officer and others found and arrested Parkman and Gomillion.

Parkman and Gomillion were indicted for armed robbery, aggravated assault, and possession of a firearm during the commission of the armed robbery. Gomillion was also charged with giving a false name. After a jury trial, Parkman was convicted of armed robbery and aggravated assault but acquitted of possessing a firearm during the armed robbery. Gomillion was convicted of all the charges.

Gomillion's convictions were upheld in *Gomillion v. State*.[1] Parkman now appeals, challenging a jury recharge by the court, the admission into evidence of his statement to police, and the legality of the armed robbery verdict. He also requests a remand to the trial court for a hearing on the effectiveness of his trial counsel. Because none of the challenges nor the remand request is meritorious, we affirm his convictions.

1. Parkman claims the court erred when it recharged the jurors that they must unanimously find him not guilty of armed robbery before considering the lesser included offense of robbery and that the court improperly defined robbery during the recharge. But when the judge asked Parkman's attorney if he was satisfied with the recharge, the attorney stated that he was satisfied and he did not

---

[1] 236 Ga. App. 14 (512 SE2d 640) (1999).

reserve any later exceptions to the charge. Parkman therefore waived the right to object to the recharge on appeal.[2]

Moreover, even if Parkman had not waived appellate review of the recharge, he has shown no basis for reversal. Although it is error to require a jury to unanimously agree on the greater offense before considering the lesser included offense, contrary to Parkman's claim, the trial court imposed no such requirement in this case.[3] Rather, a review of the entire charge and recharge reveals that, among other things, the court properly instructed the jurors on the possible verdicts, the need for a unanimous verdict, the charged offense of armed robbery, and the lesser included offense of robbery. The court never insisted that the jury unanimously reach a verdict on the greater offense before considering the lesser one.[4] Also, contrary to Parkman's claim, the court accurately gave the statutory definition of robbery.[5] We find no reversible error in the recharge.

2. Parkman contends that the court erred in admitting into evidence his taped statement to a sheriff's investigator because the statement was not freely and voluntarily given. Parkman's attorney, however, did not object either to the court's finding that the statement was voluntary and admissible or to the playing of the taped statement to the jury. Parkman therefore failed to preserve the issue of the statement's admissibility for appellate review.[6]

Furthermore, the waiver of rights form signed by Parkman, the testimony of the officer who interviewed Parkman, and the transcript of the statement all support the trial court's finding that Parkman gave the statement freely and voluntarily.[7] The court did not err in admitting the statement into evidence.

3. In his third assertion of error, Parkman states that the guilty verdict as to armed robbery is void and illegal. His argument in support of this assertion is unclear, but it appears he is claiming that the jury's verdict, guilty of armed robbery but not guilty of possessing a firearm during the commission of the armed robbery, is inconsistent and therefore impermissible. The argument is without merit.

The pertinent facts of the instant case are identical to those in *Varnadoe v. State*.[8] Just as there was evidence in that prior case that

---

[2] See *Johnson v. State*, 236 Ga. App. 764, 766 (3) (513 SE2d 291) (1999); *Robertson v. State*, 225 Ga. App. 389, 390 (2) (484 SE2d 18) (1997).

[3] See *Piefer v. State*, 228 Ga. App. 385, 386 (2) (491 SE2d 836) (1997).

[4] Compare *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996); *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998).

[5] See OCGA § 16-8-40.

[6] See *Carter v. State*, 235 Ga. App. 260, 261 (2) (510 SE2d 539) (1998).

[7] See *Bishop v. State*, 268 Ga. 286, 287-288 (2) (486 SE2d 887) (1997); *Gadson v. State*, 197 Ga. App. 315-316 (1) (398 SE2d 409) (1990).

[8] 227 Ga. App. 663, 664-665 (2) (490 SE2d 517) (1997).

Varnadoe participated in an armed robbery but did not wield a gun during the crime,[9] the evidence in the instant case proved that although Parkman did not hold the gun, he helped accomplish the armed robbery by punching the male victim while Gomillion took the backpack from the female victim. Also, as in *Varnadoe*, the court in the present case instructed the jury on the law of parties to a crime.[10] Thus, the jury was authorized to find Parkman guilty of armed robbery as a party to the crime but not guilty of actually possessing the weapon.[11]

4. Parkman asks us to remand the case to the trial court for an evidentiary hearing on his claim of ineffective assistance of counsel. A remand in this case would be inappropriate.

After the trial, Parkman obtained a new attorney to represent him on appeal. Parkman's new attorney moved for a new trial, alleging, among other things, ineffective assistance of trial counsel. A hearing was held on the motion for a new trial. At the hearing, Parkman's attorney argued that trial counsel was ineffective, but he did not call trial counsel to testify, and he did not present any other evidence regarding the matter. The court subsequently denied the new trial motion. Parkman is now represented on appeal by the same attorney who represented him at the new trial hearing.

Under these circumstances, Parkman's appellate counsel has already had the opportunity to present evidence to the trial court on the issue of ineffective assistance of counsel. By failing to take advantage of that opportunity at the hearing, after which the court ruled on the new trial motions, Parkman is now barred from another chance at an evidentiary hearing.[12] The request for a remand is without merit.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 8, 1999 —
RECONSIDERATION DENIED JANUARY 7, 2000 — ▮▮▮▮▮

*Dwight L. Thomas*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[9] Id.
[10] See OCGA § 16-2-20.
[11] *Varnadoe*, supra.
[12] See *Rucker v. State*, 270 Ga. 431, 435-436 (6) (510 SE2d 816) (1999); *Baldwin v. State*, 217 Ga. App. 866, 867 (1) (460 SE2d 80) (1995).