## A01A0285. TAYLOR v. THE STATE.
(548 SE2d 414)

JOHNSON, Presiding Judge.

Patrick Taylor was indicted for statutory rape in that he had sexual intercourse with the victim, who was under 16 years of age and was not his spouse. Taylor pled guilty to the charge, but later filed a motion to withdraw his guilty plea and another motion for a court-ordered DNA test of sperm found in the victim's vagina. The trial court denied the plea withdrawal motion, but did not rule on the DNA test motion. Taylor appeals, challenging the court's denial of his motion to withdraw his plea and failure to order a DNA test. Taylor's challenges are without merit, and we therefore affirm the judgment of the trial court.

1. Taylor claims he should be allowed to withdraw his plea because the court erred in failing to record a bench conference that it held with the defense and prosecuting attorneys prior to the plea hearing. Under Uniform Superior Court Rule 33.11, there must be a verbatim recording of the proceedings at which the defendant enters his guilty plea. But there is no requirement that there be such a recording of a pre-trial conference.[1]

The record before us complies with USCR 33.11 in that it contains a verbatim transcript of the guilty plea hearing at which the trial judge advised Taylor of his rights and inquired into the voluntariness and accuracy of the plea. The absence of a transcript of the pre-hearing bench conference is not error.

2. Taylor alleges that the court should have granted his motion to withdraw his plea because at the pre-hearing bench conference the trial judge inappropriately participated in the plea negotiations. There is no evidence in the record to support this allegation. On the contrary, statements made by the trial judge at the hearing on Taylor's motion to withdraw his plea reveal that at the bench conference the judge did nothing more than indicate to the defense and prosecuting attorneys whether she was likely to concur in their proposed disposition of the case. This is precisely the sort of information that the judge is allowed to give to the parties who have reached a plea agreement.[2]

3. Taylor contends that he is entitled to withdraw his plea because at the plea hearing the judge failed to satisfy herself on the record that there was a factual basis for the statutory rape charge. The contention is without merit.

At the plea hearing, the judge informed Taylor that he was charged with statutory rape under the indictment. Taylor then told

---

[1] See USCR 7.3.
[2] See USCR 33.5 (B).

the judge that he understood the nature of the charge, and he expressly waived his right to have the indictment read in open court.

The judge next asked the prosecutor for the factual basis for the charge. The prosecutor informed the court that when Taylor was 34 years old he had sexual intercourse with the 13-year-old victim, that the victim's grandmother discovered that they had engaged in sex, and that she also found letters written by Taylor and the victim discussing the fact that they had engaged in sexual intercourse. After the prosecutor's recitation of the facts, Taylor entered his guilty plea, which the court accepted.

Before imposing sentence, the court asked Taylor if he wanted to say anything. Taylor told the court that he had not actually put his penis inside the victim and that he was sorry. The court announced its sentence and then told Taylor that his claim that he had not inserted his penis would be a defense to the charge. The judge asked him if he still wanted to plead guilty, and he again said that he did not put his penis inside the victim.

The prosecutor then informed the court that on one occasion the grandmother walked in on Taylor and the victim together, that she took the victim to a hospital, and that at the hospital sperm was found in the victim's vagina.

Thereafter, Taylor again told the court that he wanted to plead guilty. The judge told Taylor that at that point she would allow him to withdraw his plea. But Taylor stated that he did not want to withdraw it.

Based on the allegations in the indictment, the statements made by the prosecutor about the state's evidence, and Taylor's statements that he understood the charge and wanted to plead guilty and did not want to withdraw his plea, the trial court properly found a factual basis to support the plea.[3]

4. Taylor complains that the court erred in denying his motion to withdraw the plea on the ground that he did not have a chance to discuss his plea with his attorney. This complaint is not only unsupported, but is contradicted by the record.

The transcript of the plea hearing reveals that Taylor told the court that he had discussed the case with his attorney, that his attorney had counseled him on the charges and possible defenses, that his attorney had discussed his rights with him, that he believed his attorney had acted competently, and that he was satisfied with his attorney's guidance.

Furthermore, the attorney told the court that he had explained

---

[3] See *Jackson v. State*, 271 Ga. 705, 706-707 (2) (523 SE2d 871) (1999); *Swantner v. State*, 244 Ga. App. 372, 373-374 (1) (535 SE2d 343) (2000).

all of Taylor's rights to him and that Taylor understood his rights, that after consulting with Taylor he saw no reason why Taylor should not enter his guilty plea, that Taylor understood the nature of the crime charged and the implications of a guilty plea, and that Taylor was making the plea freely and voluntarily.

Given the statements of both Taylor and his attorney, we find no evidence to support Taylor's claim that he did not have an opportunity to discuss the case and plea with his attorney.[4]

5. Taylor asserts that he is entitled to withdraw his plea because his trial counsel was ineffective in failing to request a DNA test of the sperm found in the victim's vagina. Again, Taylor has failed to support his assertion with any evidence in the record.

At the hearing on his motion to withdraw his guilty plea, Taylor's only evidence was his own testimony, which did not include any explanation of the attorney's decision not to seek a DNA test. Moreover, Taylor failed to call his trial counsel as a witness at the hearing. Absent any testimony from the attorney explaining his decision not to seek a DNA test, we presume the decision was tactical.[5] And because Taylor has presented no other evidence to the contrary, he has failed to carry his burden of proving ineffective assistance of counsel.[6]

6. Taylor argues that the court erred in denying his motion for a DNA test of the sperm found in the victim's vagina. The record before us, however, contains no such ruling by the trial court.

While there is a written motion for such a test in the record, Taylor made no argument concerning this motion at the hearing held after his motion was filed. Rather, at that hearing Taylor made arguments only in support of his plea withdrawal motion, which the court denied. And he did not invoke a ruling on the DNA test motion prior to his appeal. In fact, the record contains a letter sent from the trial judge's chambers to Taylor's attorney indicating that the judge would not rule on the DNA motion because it was not argued at the hearing and the notice of appeal had already been filed. Without a ruling by the trial court, there is nothing for this court to review.[7]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

---

[4] See *McCloud v. State*, 240 Ga. App. 335, 336 (2) (525 SE2d 701) (1999) (defendant's plea free and voluntary based in part on his statement to court that he had discussed case with his lawyer); *Hammonds v. State*, 218 Ga. App. 423-424 (1) (461 SE2d 589) (1995) (defendant's claim that counsel did not adequately discuss plea with him contradicted by counsel's testimony that they discussed plea offer several times).

[5] *Veal v. State*, 242 Ga. App. 873, 877 (5) (a) (531 SE2d 422) (2000).

[6] See *Parkman v. State*, 241 Ga. App. 756, 758 (4) (526 SE2d 640) (2000); *Jones v. State*, 230 Ga. App. 65, 66-67 (2) (495 SE2d 327) (1997).

[7] *Medlock v. State*, 264 Ga. 697, 698 (449 SE2d 596) (1994) (failure to invoke ruling on motion results in waiver of issue for appeal); *Sales v. State*, 199 Ga. App. 791, 792 (2) (406 SE2d 131) (1991) (where no ruling by trial court there is nothing for appellate review).

DECIDED MARCH 21, 2001.

*Lloyd J. Matthews*, for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.