### 71860. STOVER v. WATSON et al.
(348 SE2d 463)

DEEN, Presiding Judge.

Upon entering one of appellee Wendy's International's restaurants with a friend, the appellant, Ernest Stover, ordered a baked potato and was told by the cashier that, although advertised, the item was not then available. A verbal exchange between the appellant and the cashier then ensued, which brought the assistant manager, appellee Watson, to the counter and resulted in Watson's asking appellant to leave the premises. The appellant did not comply with the request, but instead waited at the counter while his friend's order was placed and filled and then joined him in the dining area. He was arrested on the premises shortly thereafter for criminal trespass, resisting arrest, and disorderly conduct. The criminal charges were dismissed after a hearing in the Recorder's Court of Chatham County, and the appellant subsequently commenced this action for damages against appellees, alleging that he had been illegally arrested. See OCGA § 51-7-1. The appellees answered and eventually moved for summary judg-

ment, which was granted by the trial court.

Stover here contends that the trial court erred in granting summary judgment for the appellees, because a question of fact remained whether he had received reasonable notice to vacate the premises. Citing *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983), and OCGA § 16-7-21 (b) (3), the appellant argues that any request the assistant manager made initially for him to vacate the premises was rescinded when the cashier accepted his money and served him. The record reveals that Stover, in his own deposition, admits that he did not place his order or pay the cashier himself, but that his companion ordered and paid for the food. He thus was not served as he asserts.

Concerning the circumstances around the appellant being requested to leave, "[t]here is more apparent than real conflict in the evidence. . . . When a few loose expressions are bandaged, and a few legal conclusions are cut away from the language of witnesses, where the naked facts ought to be kept uncovered, the conflict ceases to be material. There is scarcely any diversity in the testimony as to what was *actually done*; the variations relate to what was said, or else to the consequences of putting together the sayings and doings." *Hull v. Sullivan*, 63 Ga. 127, 134 (1879).

The distilled, uncontroverted facts are that Stover went to Wendy's and ordered a baked potato. When informed that the restaurant was out of potatoes, he engaged in a hostile verbal exchange with the assistant manager, prompting the latter to demand that Stover leave the restaurant. When Stover failed to leave as instructed, the assistant manager summoned the police, who arrested Stover for criminal trespass. Under these circumstances, there is no room for doubt that Stover behaved like a hot potato-head and that the assistant manager was justified in calling the police.

There may well be some question whether Wendy's next commercial slogan will be "Where's the Spud," or perhaps, with the advent of low-calorie potatoes, "Give me a light . . . Spud Light." However, no question of fact exists over the matter of probable cause to arrest in this case, and the trial court properly granted summary judgment for the appellees.

*Judgment affirmed. Birdsong, P. J., concurs. Banke, C. J., Sognier and Beasley, JJ., concur in the judgment only. McMurray, P. J., Carley, Pope and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

I must respectfully dissent from the majority's opinion that the judgment be affirmed because no question of fact existed on the issue of probable cause to arrest appellant in this case.

"Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground

for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury, under the direction of the court." OCGA § 51-7-3. In this case the facts are unclear whether appellant's actions justified his being asked to leave and subsequently being arrested for failing to do so. Although the manager testified in his deposition that appellant cursed at him and caused a disturbance on the premises, the cashier when deposed could not remember whether appellant used profanity or not, and did not testify that appellant was violent or that he disturbed anyone in the restaurant. Appellant contended that he did not use profanity, was not violent, and was only joking with the cashier about baked potatoes not being available when Watson intervened, told the cashier not to serve him, and asked him to leave. Appellant's companion testified that it appeared that Watson had had a "bad day" before he and appellant arrived at the restaurant. The first arresting officer to arrive on the scene said that appellant was in the dining room eating when he arrived, but that the manager still asked the officer to get him to leave the premises, although there were no signs that a disturbance had taken place or was taking place.

Contrary to the majority's assertion, the fact whether Stover "engaged in a hostile verbal exchange with the assistant manager" is highly controverted; appellant says he did not, appellee says he did, and the other witnesses could not state an opinion one way or the other. Under the facts present in the record, more than one inference can be drawn as to whether or not sufficient grounds or probable cause existed for appellee Watson to proceed against appellant. Compare *Nunnally v. Revco &c.*, 170 Ga. App. 320 (1) (316 SE2d 608) (1984). Therefore, I would hold that the trial court erred in granting appellees' motion for summary judgment and reverse the grant of summary judgment.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED JULY 2, 1986 —
REHEARING DENIED JULY 29, 1986

*Clarence L. Martin*, for appellant.
*Lamar W. Davis, Jr., William F. Hinselay III*, for appellees.