## A98A2371. FRANKLIN v. CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA et al.
### (512 SE2d 352)

ANDREWS, Judge.

Donald Franklin sued the Consolidated Government of Columbus and Andrew Tyner, a Columbus police officer, for false arrest, false imprisonment, malicious prosecution, deprivation of his state constitutional rights and violations of 42 USC § 1983. These claims arise out of Franklin's assertion that he was wrongfully arrested for armed robbery and aggravated assault. The trial court granted summary judgment to defendants and Franklin appeals. Because we conclude there was probable cause for the arrest, we affirm.

The standards applicable to motions for summary judgment generally are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). Further, when reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Boulware v. Quiktrip Corp.*, 226 Ga. App. 399 (486 SE2d 662) (1997); *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996).

The record shows that on December 13, 1994, around 7:00 p.m., Elizabeth Walker was hit on the back of the head and robbed while she was walking into a bank to make a night deposit for her employer. Detective Cotner of the Columbus Police Department investigated the robbery and prepared a report on the same date. This report described the robber as a white male, 5'6"-5'7" tall, 150 pounds, 25-30 years of age, gray jacket, faded blue jeans, blond hair, red baseball cap, carrying a 9mm or 45 caliber pistol and wearing a black ski mask. The victim told Cotner that she doubted she would be able to identify the robber if she saw him again. The four eyewitnesses also said they would not be able to identify the robber.

Officer Myers interviewed Peggy Muchauk who was working in a convenience store located less than 100 yards from where the robbery occurred. Muchauk explained that a white male wearing a gray sweatshirt and carrying what appeared to be a large handgun underneath his sweatshirt, entered the store in a hurry sometime after 6:00 p.m. on December 13, 1994. She said the man acted nervous and appeared to be trying to avoid the store's video camera.

Two days later, Officer Myers responded to a report of a man acting "very strange" and "talking crazy" in a health club. By the time Myers arrived, the man, who had identified himself as Don Franklin

to a health club employee, had left the club. The employee described Franklin as 5'9" or 5'10" tall, 35-40 year old, white male weighing approximately 200 pounds, blue eyes, uncombed, blond, kinky hair, wearing blue jeans, white tennis shoes, and a large gray sweatshirt.

After recognizing that this description matched Muchauk's description of the man who entered the convenience store on the day of the robbery, Myers passed this information on to Detective Tyner. Tyner found a photograph of Franklin in the police records and placed it in a photographic line-up with four other men. All of the men in the line-up, including Franklin, had a mustache and beard and appeared to be approximately the same age; however, Franklin was the only one in the line-up with light hair.

Officer Tyner showed the photographic line-up to the victim and the witnesses. Three of the witnesses stated they could not identify the robber because he was wearing a mask over his face at the time of the robbery. According to Tyner's report, one of the witnesses said the robber came so close to her that he brushed her arm as he ran past her. This witness identified Franklin and stated that she was certain he was the same person who robbed Walker based on the shape of his face and his profile. The victim also identified Franklin as the man who robbed her based upon the profile and shape of his face. Finally, Muchauk identified Franklin as the man who entered the convenience store on the day of the robbery with a handgun hidden under his shirt.

After these identifications were made, Officer Tyner obtained an arrest warrant and arrested Franklin on December 16, 1994, for aggravated assault and armed robbery. After an evidentiary hearing on December 17, 1994, a Recorder's Court judge found there was "reason to suspect" Franklin committed the armed robbery and aggravated assault. On May 2, 1995, a grand jury returned a true bill charging Franklin with armed robbery and aggravated assault.

During the summer of 1995, Franklin's attorney notified the assistant district attorney in charge of the case about additional records from Western Union which might affect the case. On October 23, 1995, Western Union was ordered to produce certain documents relating to Franklin's alibi. The assistant district attorney received this information from Western Union, but it did not establish an alibi for Franklin.

On January 5, 1996, Franklin's attorney gave the assistant district attorney information which was the first substantial evidence supporting Franklin's alibi. On January 9, 1996, the State entered a nolle prosequi based upon this information.

Franklin then brought this Complaint, claiming there was no probable cause to arrest him. The trial court granted summary judgment to defendants and this appeal followed.

1. Franklin contends the trial court erred in granting summary judgment to defendants on his state law claims. We note initially that Franklin has no claim for false imprisonment. This is true because "[w]hen the detention is predicated upon procedurally valid process, false imprisonment is not an available remedy, regardless of the motives upon which the process was secured, because detention effectuated pursuant to procedurally valid process, such as an arrest warrant, is not 'unlawful.' Where the arrest is by valid process regularly sued out, action for malicious prosecution is the only remedy." *Williams v. Smith*, 179 Ga. App. 712, 714 (348 SE2d 50) (1986). See also OCGA § 51-7-20. Here, there is no evidence of invalid process.

Likewise, Franklin's remaining state law claims fail because there is no evidence tending to show lack of probable cause or malice in connection with the arrest and imprisonment. OCGA §§ 51-7-1; 51-7-40. The Code defines lack of probable cause as follows: "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury, under the direction of the court." OCGA § 51-7-3. But, what facts and circumstances amount to probable cause is a pure question of law. *South Ga. Grocery Co. v. Banks*, 52 Ga. App. 1 (182 SE 61) (1935). The burden of proof to show lack of probable cause is on the plaintiff and there is nothing to send to the jury if the plaintiff does not raise some evidence creating an issue of fact as to each element of the tort. *Pinkston v. City of Albany*, 196 Ga. App. 43, 46 (395 SE2d 587) (1990).

Here, Detective Tyner had two descriptions that matched the health club employee's description of Franklin. Three people identified Franklin from the photo line-up as the man they saw the night of the robbery. The convenience store clerk identified Franklin as the man who came in her store around the same time as the robbery, acting strangely and with the butt of a gun sticking out from his gray sweatshirt. The victim and one of the witnesses identified Franklin as the robber based upon his profile and the shape of his face. The witness explained that, even though the robber had a light gray stocking over his head, she could still see his face and his profile. None of the witnesses at the photo line-up had indicated they identified Franklin because of his blond hair. Therefore, there was sufficient information to provide probable cause to arrest Franklin.

Moreover, even if we were to assume Tyner did not have probable cause, there is no evidence tending to show malice, which also must be proved in an action for false arrest and malicious prosecution. OCGA §§ 51-7-1; 51-7-40. The Code defines malice as consisting "in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured."

OCGA § 51-7-2.

"[T]he law does not presume malice or animus against an officer merely because[,] in the discharge of his legal functions, he does an illegal act." *Pinkston*, supra at 46. "[W]here there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for false arrest to recover." (Citations omitted.) *Northern Telecom v. Wilkerson*, 219 Ga. App. 710, 712 (466 SE2d 221) (1995).

Here, there is no evidence in the record tending to show Detective Tyner acted with malice in applying for an arrest warrant for Franklin. Therefore, for the reasons discussed above, the trial court correctly granted summary judgment on Franklin's state court claims.

2. Franklin also claims the trial court erred in granting summary judgment on his claims under 42 USC § 1983. Under 42 USC § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." Id. "The statute creates no substantive rights; rather it provides a remedy for federal rights found elsewhere, and supports a cause of action which may be brought in state as well as federal court." *Bell v. City of Albany*, 210 Ga. App. 371, 372 (436 SE2d 87) (1993).

Under this statute, "Government officials performing discretionary functions are granted a qualified immunity shielding them from imposition of personal liability pursuant to 42 USC § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Thus, the test is applied by considering the objective reasonableness of the official's actions (irrespective of his subjective beliefs) in light of legal rules which were clearly established at the time the action was taken." (Citations and punctuation omitted.) *Bell*, supra at 374.

Franklin's Section 1983 claim against Tyner is based upon his contention that Tyner caused him to be arrested without probable cause in violation of his Fourth and Fourteenth Amendment rights under the Constitution of the United States. The Supreme Court has held that a police officer will be liable under Section 1983 if he applies for a warrant and "a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable

cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U. S. 335, 345 (106 SC 1092, 89 LE2d 271) (1986). "[P]robable cause exists if facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that an individual has committed a crime." *McQurter v. City of Atlanta*, 572 FSupp. 1401, 1413 (N.D. Ga. 1983) (citing *Draper v. United States*, 358 U. S. 307, 313 (79 SC 329, 3 LE2d 327) (1959).[1]

The evidence discussed above shows that the facts known to Tyner at the time of Franklin's arrest were sufficient to warrant the belief that Franklin had committed the robbery. Therefore, we conclude that Franklin has not introduced sufficient evidence tending to show a constitutional violation under Section 1983 in connection with his arrest.

We also find Franklin's continued imprisonment did not rise to the level of a constitutional violation. Franklin argues on appeal that he told officers he was returning from Florida on the night of the robbery. Also, Franklin's father stated in his affidavit that he told police the same thing and gave them Western Union receipts. Franklin does not point out these Western Union receipts in the record nor does he argue how these records would have proved he was not in Columbus at the time of the robbery. Moreover, Franklin admits in his affidavit that his attorney did not talk to the assistant district attorney about the phone calls and Western Union receipts until the fall of 1995. In addition, the assistant district attorney in charge of the case stated in her affidavit that the decisions made after Franklin was bound over and held without bail were made by her in the exercise of her independent professional judgment and without any suggestion from Tyner or any other person. The assistant district attorney assigned to this case is not a party to the suit and no claims were brought against her.

Finally, the Supreme Court has held, "we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence." *Baker v. McCollan*, 443 U. S. 137, 145-146 (99 SC 2689, 61 LE2d 433) (1979). See also *Pickens*, supra at 1208 (officers executing an arrest warrant for bad check charges were not required to investigate claims that the checks were stolen from the subject's car and forged). Therefore, for the reasons discussed above, the trial court did not err in granting summary

---

[1] Although we conclude the officer had actual probable cause to arrest, we note that the appropriate standard when determining if the officer is entitled to qualified immunity under 42 USC § 1983, is not whether there was actual probable cause, but whether there was "arguable" probable cause. See, e.g., *Pickens v. Hollowell*, 59 F3d 1203, 1206 (11th Cir. 1995).

judgment to defendants on Franklin's Section 1983 claims.
*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 15, 1999 — 

*David J. Grindle*, for appellant.
*Clifton C. Fay*, for appellees.