## A99A1548. GARCIA v. THE STATE.
### (527 SE2d 877)

RUFFIN, Judge.

A Chatham County jury convicted Rudolph Garcia of rape, false imprisonment and possession of tools for commission of a crime. In his sole enumeration of error on appeal, Garcia challenges the sufficiency of the evidence. As the evidence was sufficient to establish his guilt beyond a reasonable doubt, we affirm.

In reviewing Garcia's challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the jury's verdict. *Harris v. State*, 234 Ga. App. 126 (1) (505 SE2d 49) (1998). We neither weigh the evidence nor determine witness credibility, but only determine whether the evidence is sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Harris*, supra. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the verdict will be upheld." (Punctuation omitted.) Id.

The record demonstrates that on October 22, 1995, the victim visited Garcia, her husband, at Coastal Correctional Institute where he was incarcerated to inform him that she had filed for divorce. Toward the end of the visitation period, Garcia asked his wife to get him a snack from the break room where the vending machines were located. As a prisoner, Garcia was not allowed into the break room. After the victim entered the break room, however, Garcia followed her, locked the door, and barricaded the door with one of the vending machines. Garcia produced a shank that he had made using a spoon and razor blades. As he held the shank next to the victim, he told her that neither of them would leave the room alive.

Shortly thereafter, Lieutenant Burriss, the shift supervisor at the prison, realized that a prisoner was unaccounted for. He then noticed that the door to the break room was closed. As Burriss attempted to unlock the door, Garcia stated, "Don't come in here. If you come in here, I will cut her mother-f—ing throat." Burriss heard the victim crying, saying "he does mean it."

Garcia kept the victim locked in the break room approximately five hours. The victim testified that during those five hours, Garcia had sexual intercourse with her three times. During two of the instances, Garcia kept the shank pressed against the victim. The victim testified that, although she told Garcia "no," when he demanded sex, she did not fight him.

Hostage negotiators were called in to negotiate the victim's release. At 8:00 p.m., Garcia unlocked the door and surrendered the shank to prison officials. The shank was tendered into evidence at trial.

The prison warden testified that, when the victim was released, she was emotional to the point that she could not walk and could barely communicate. The warden asked the victim if anything sexual had occurred, and the victim began crying and said she had "done it" because she was afraid. Semen was discovered in the victim's vagina, and DNA extracted from the semen matched Garcia. The State's DNA expert testified that the frequency of this DNA profile is one in ten billion.

A person commits the offense of rape when he penetrates a woman's sex organ forcibly and against her will. See OCGA § 16-6-1 (a) (1). Garcia argues that the intercourse was consensual. However, in view of the victim's testimony that she said "no" to Garcia and the evidence that Garcia threatened her with a weapon, the jury was authorized to find that Garcia forcibly raped her against her will. See *Johnson v. State*, 222 Ga. App. 722, 727 (7) (475 SE2d 918) (1996).

False imprisonment is committed when, in violation of the personal liberty of another, an person arrests, confines, or detains such other person without legal authority. OCGA § 16-5-41 (a). The evidence was sufficient to prove the offense of false imprisonment.

Garcia also was convicted of possession of tools for the commission of a crime. Pursuant to OCGA § 16-7-20 (a),

> [a] person commits the offense of possession of tools for the commission of crime when he has in his possession any tool, explosive, or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime.

As the evidence demonstrates that Garcia had a shank, which he held next to his wife as he had forcible intercourse with her, the jury was authorized to convict him of this crime.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 14, 1999.

*Willie T. Yancey, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.

