A00A1704. STANFORD v. CITY OF MANCHESTER et al.
(539 SE2d 845)

MIKELL, Judge.

Cedric Jerome Stanford sued the City of Manchester and Dixie Cole, a Manchester police officer, for false arrest, false imprisonment, malicious prosecution, violations of 42 USC § 1983, and slander. These claims arise out of Stanford's assertion that he was wrongfully arrested for rape. The trial court granted summary judgment to the defendants, and Stanford appeals. We affirm.

In reviewing grants of summary judgment, "this court conducts a de novo review of the law and the evidence."[1] To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

So viewed, the record shows that Officer Cole was directed by her superior officers to investigate the reported rape of a 16-year-old female. Officer Cole obtained statements from the alleged victim, her friends, and family members. The alleged victim told Officer Cole that Cedric Dixon, who was also known as Cedric Stanford, had engaged in forcible, nonconsensual sexual intercourse with her on one occasion in November 1995. The brother of the alleged victim, who was also a friend of Stanford, told Officer Cole that he and Stanford visited his sister at the residence where the rape allegedly occurred, and that his sister was very upset after spending approximately 30 minutes alone with Stanford.

The evidence further shows that Stanford waived his *Miranda* rights and consented to questioning by Officer Cole and Chief Ron Jackson. Stanford admitted having sexual intercourse with the alleged victim. Stanford told the officers that he often visited the alleged victim's residence with her brother while the two men were

---

[1] *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).
[2] OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

on duty in connection with their employment with the City of Manchester, and that the incident took place on one of the visits. Stanford contended that the intercourse was consensual.

The evidence further shows that a warrant for the arrest of Stanford was issued by the magistrate judge, and it was executed on April 4, 1996. Shortly after his arrest, Stanford began having chest pains. Officer Cole summoned an ambulance, and the paramedics examined Stanford; however, further treatment was not necessary. Stanford was released on bond on April 13, 1996.

At the direction of her superiors, Officer Cole sent a memorandum to the city manager who stated that Stanford had been arrested and charged with rape, and that he had admitted having sexual intercourse with a 16-year-old while on duty. The City terminated Stanford's employment on the day he was released from jail.

Under subpoena, Officer Cole testified twice against Stanford before the grand jury; however, the grand jury declined to indict him. Stanford then brought this complaint, claiming there was no probable cause to arrest him and alleging violations of 42 USC § 1983. The trial court granted summary judgment to the defendants, and this appeal followed.

1. The trial court did not err in granting summary judgment to the defendants on Stanford's state law claims for false imprisonment, false arrest, and malicious prosecution.

(a) *Claim of false imprisonment against the City*. Stanford's failure to comply with the ante litem notice requirement of OCGA § 36-33-5 is fatal to his false imprisonment claim against the City. Under OCGA § 36-33-5, a claim against a municipality must be presented within six months of the accrual of the cause of action. A claim for false imprisonment accrues upon the plaintiff's release from detention.[3] Stanford was released from jail on April 13, 1996, but his complaint was not filed until June 12, 1997.

(b) *Claim of false imprisonment against Officer Cole*. Furthermore, Stanford cannot sustain a claim for false imprisonment against Officer Cole. An unlawful detention is an essential element of this tort which Stanford is unable to satisfy because his detention was the result of an arrest warrant.[4] "Detention effectuated pursuant to procedurally valid process, such as an arrest warrant, is not 'unlawful.'"[5]

(c) *Claims of false arrest and malicious prosecution against Officer Cole and the City*. Stanford's claims for false arrest and mali-

---

[3] *Collier v. Evans*, 199 Ga. App. 763, 764 (1) (406 SE2d 90) (1991).

[4] See OCGA § 51-7-20; see also *Franklin v. Consolidated Govt. of Columbus*, 236 Ga. App. 468, 470 (1) (512 SE2d 352) (1999).

[5] (Citation omitted.) Id.

cious prosecution fail because there is no evidence of lack of probable cause or malice.[6]

Lack of probable cause exists "when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused."[7] While lack of probable cause is normally a question for the jury, "the burden of proof to show lack of probable cause is on the plaintiff[,] and there is nothing to send to the jury if the plaintiff does not raise some evidence creating an issue of fact. . . ."[8]

Here, the alleged victim identified Stanford to Officer Cole as the man who raped her, and the officer observed that the victim's conduct and demeanor were consistent with behavior commonly observed in rape victims. Additionally, other witnesses reported to Officer Cole that the victim informed them Stanford had raped her. According to Officer Cole, Stanford exhibited signs of extraordinary nervousness during questioning by law enforcement officers, and he admitted engaging in sexual intercourse with the victim at the time and location of the alleged rape. Therefore, we conclude that probable cause existed to arrest and prosecute Stanford.[9]

Even assuming, arguendo, that probable cause did not exist, there is no evidence demonstrating malice.[10] The Code defines malice as "personal spite or . . . a general disregard for the right consideration of mankind, directed by chance against the individual injured."[11] There is nothing in the record before us that shows or tends to show that Officer Cole or the district attorney's office acted with malice in arresting or prosecuting Stanford.[12] The investigation and prosecution were initiated in response to the alleged victim's report that she had been raped by Stanford and were not directed by personal spite or by chance against him.

Accordingly, the trial court properly entered judgment in favor of Officer Cole and the City on Stanford's claims of false imprisonment, false arrest, and malicious prosecution.

2. Stanford next contends that the court erred in granting summary judgment to the defendants on the 42 USC § 1983 claims. We disagree.

To recover under 42 USC § 1983, Stanford must make a threshold showing that he suffered "a deprivation of rights, privileges or

---

[6] OCGA §§ 51-7-1; 51-7-40.

[7] OCGA § 51-7-3.

[8] *Franklin*, supra, 236 Ga. App. at 470; see also *Pinkston v. City of Albany*, 196 Ga. App. 43, 46 (1) (395 SE2d 587) (1990).

[9] See *Franklin*, supra, 236 Ga. App. at 470.

[10] *Pinkston*, supra, 196 Ga. App. at 46.

[11] OCGA § 51-7-2.

[12] See *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 75 (2) (532 SE2d 463) (2000).

immunities secured by the Constitution and laws of the United States."[13] Taken alone, § 1983 creates no substantive rights; however, it provides a remedy for the deprivation of rights established elsewhere.[14] Therefore, "[a]bsent the existence of an underlying constitutional right, no section 1983 claim will lie."[15]

Stanford has not specified the constitutional rights of which he was deprived; however, he first argues that Officer Cole and the City unlawfully detained him for interrogation prior to his arrest. Contrary to his argument, the undisputed evidence shows that Stanford voluntarily reported to the police station and consented to questioning by Officer Cole and Chief Jackson prior to his arrest.

Next, Stanford argues that Officer Cole denied him medical treatment. Because of the special relationship between a municipality and a person in its custody, "the due process clause of the Fourteenth Amendment mandates that pretrial detainees must be provided with at least minimally adequate levels of . . . medical care."[16] The standard of medical care required is that the state or municipality not act with deliberate indifference to a detainee's serious medical needs.[17] The evidence shows that when Stanford became anxious and complained of chest pains following his arrest, Officer Cole contacted Meriwether County Emergency Medical Services, who dispatched medical personnel to the jail to examine him. It follows that Officer Cole was not deliberately indifferent to Stanford's medical needs.[18] The trial court properly granted summary judgment to the City and Officer Cole on the § 1983 claims.

3. Finally, Stanford argues that the trial court abused its discretion in granting summary judgment on the claim of intentional infliction of emotional distress. This enumeration is without merit.

In his complaint, Stanford sought damages against Officer Cole and the City for the torts of false arrest, false imprisonment, malicious prosecution, and slander, as well as for violations of 42 USC § 1983. Neither the pleadings nor the trial court's order granting summary judgment addresses claims of intentional infliction of emotional distress. Rather, Stanford has argued intentional infliction of emotional distress for the first time on appeal. "Issues not raised in

---

[13] (Citation and punctuation omitted.) *Wideman v. Shallowford Community Hosp.*, 826 F2d 1030, 1032 (11th Cir. 1987); see also *Cleveland v. Fulton County*, 196 Ga. App. 168, 170 (1) (396 SE2d 2) (1990).

[14] *Wideman*, supra, 826 F2d at 1032; see also *Baker v. McCollan*, 443 U. S. 137, 140 (99 SC 2689, 61 LE2d 433) (1979).

[15] *Wideman*, supra, 826 F2d at 1032.

[16] Id. at 1034.

[17] *Hamm v. DeKalb County*, 774 F2d 1567, 1573 (11th Cir. 1985), cert. denied, 475 U. S. 1096 (106 SC 1492, 89 LE2d 894) (1986).

[18] See id.

the court below may not be raised for the first time on appeal."[19] Accordingly, we are precluded from considering Stanford's claim.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 26, 2000.

*Shuman & Associates, Thomas R. Morgan, Jr.,* for appellant. *Ellis, Easterlin, Peagler, Gatewood & Skipper, George M. Peagler, Jr., Paul O. Farr,* for appellees.

---

[19] *Mapp v. Drake,* 178 Ga. App. 830, 831 (344 SE2d 682) (1986); see also *Hembree v. Johnson,* 224 Ga. App. 680, 681 (2) (482 SE2d 407) (1997).