## A03A0261. MOHAMUD v. WACHOVIA CORPORATION et al.
(580 SE2d 259)

MIKELL, Judge.

Ahmed Mohamud filed the underlying action for false arrest against Wachovia Corporation. It is well settled that "[t]he elements of a false arrest claim include: (1) an arrest under the process of law, (2) without probable cause, and (3) made maliciously." *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 74 (2) (532 SE2d 463) (2000), citing OCGA § 51-7-1; *Simmons v. Kroger Co.*, 218 Ga. App. 721, 722-723 (1) (463 SE2d 159) (1995). The trial court granted the bank's motion for summary judgment, concluding that the undisputed evidence demonstrated that Wachovia had probable cause to have Mohamud arrested for trespass. This appeal followed. We affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. . . . Our review of an appeal from summary judgment is de novo.

(Citation and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998). See also *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in the light most favorable to Mohamud, the record shows that at approximately 12:00 p.m. on February 15, 2001, he entered a Wachovia bank branch and approached customer service representative Marilyn Freeman to inquire about performing a wire transfer. Freeman gave Mohamud the necessary documents to fill out and referred him to Cynthia Patterson, the branch manager. Patterson processed the transfer request and gave Mohamud a copy of the document he had filled out, which included a confirmation number and her signature. Mohamud requested a computer-generated printout confirming the transfer instead. Patterson deposed that when she explained that it was the bank's policy to provide the confirmation document she had given him, Mohamud became upset. According to Patterson, Mohamud began "ranting and raving," waved his hands, and yelled at her in a foreign language. She asked him to leave the premises. In an affidavit, Mohamud contradicts Patterson's account that he became belligerent and claims that he remained

"calm and business-like." Significantly, he does not dispute Patterson's testimony that she asked him to leave the premises.

Mohamud demanded that the bank close his checking account immediately. When he proceeded to the customer service desk, Patterson followed him and instructed Freeman not to comply with the request. Patterson explained to Mohamud that he could not close his account at that time because of the pending wire transfer. According to Patterson and Freeman, Mohamud's hostility escalated; he called Patterson "stupid" and told her to "shut up." Patterson told Mohamud to leave the premises or else she would call the police. Mohamud admitted in his deposition that he refused to leave the bank because Wachovia would not close his account.

Eric Ellis, the branch market manager, informed Mohamud that the police had been contacted and asked him to leave, but Mohamud again refused. A police officer arrived shortly thereafter. After speaking with Patterson, the officer instructed Mohamud to leave the premises. Mohamud admits that he refused to leave the bank even after the officer asked him to do so. At that time, Mohamud was arrested for criminal trespass. Wachovia elected not to press charges.

On appeal, Mohamud contends that the trial court erred in granting summary judgment to Wachovia because there was conflicting evidence regarding whether he was belligerent and hostile. Mohamud points to the arresting officer's affidavit in which he states that Mohamud did not raise his voice in the officer's presence, and to his own affidavit, in which he averred that he "never once was rowdy, disorderly, loud, rude or profane." He also emphasizes a portion of Freeman's deposition, in which she said that he was not loud when he spoke to her, and Ellis's testimony that at one point Mohamud spoke in a "lower tone of voice." Significantly, however, Mohamud also notes Ellis's testimony that Mohamud adamantly refused to leave the bank.

Contrary to Mohamud's argument, we conclude that the trial court properly granted summary judgment to Wachovia because he failed to make the requisite showing that his arrest was without probable cause. See *Desmond*, supra.

> [OCGA § 51-7-3] defines lack of probable cause as follows: "Lack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury, under the direction of the court." But, what facts and circumstances amount to probable cause is a pure question of law. *The burden of proof to show lack of probable cause is on the plaintiff and there is nothing to send to the jury if the*

*plaintiff does not raise some evidence creating an issue of fact as to each element of the tort.*

(Citations omitted; emphasis supplied.) *Franklin v. Consolidated Govt. of Columbus, Ga.*, 236 Ga. App. 468, 470 (1) (512 SE2d 352) (1999).

In Georgia, a person is guilty of criminal trespass when he "[r]emains upon the land or premises of another person . . . after receiving notice from the owner, rightful occupant, or . . . an authorized representative of the owner or rightful occupant to depart." OCGA § 16-7-21 (b) (3). Pretermitting whether Mohamud was loud or hostile, it is undisputed that Patterson and Ellis, authorized agents of Wachovia, repeatedly asked Mohamud to leave and that he refused to do so. Thus, there was probable cause for his arrest for criminal trespass,[1] and the trial court properly granted summary judgment on the false arrest claim. See *Stanford v. City of Manchester*, 246 Ga. App. 129, 130-131 (1) (c) (539 SE2d 845) (2000); *Franklin*, supra; *Stover v. Watson*, 180 Ga. App. 16 (348 SE2d 463) (1986) (physical precedent only).

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 11, 2003 —
RECONSIDERATION DENIED MARCH 27, 2003 —

*Sidney L. Moore, Jr.*, for appellant.
*Swift, Currie, McGhee & Hiers, Pankaj K. Shere, Charles B. Marsh*, for appellees.

---

[1] "Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, that the person charged was guilty of the crime [for] which he was arrested or prosecuted." (Citations omitted.) *McGonagil v. Treadwell*, 216 Ga. App. 850, 854 (2) (456 SE2d 260) (1995).