A03A0145. MARTINET v. WAINRIGHT.
(582 SE2d 139)

BARNES, Judge.

Lance Ryan Martinet, pro se, filed a complaint for declaratory judgment and injunctive relief in Camden County Superior Court seeking relief from the assessment of ad valorem taxes against his

mobile home. Following a hearing, the court dismissed the action, finding that Martinet had failed to comply with the requirements of OCGA § 48-5-450, which sets forth the procedures for contesting the assessment of ad valorem taxes. We agree and affirm.

The relevant facts show that Martinet is in the Navy and is stationed at the Trident Refit Facility, Kings Bay, Georgia. He is a legal resident of Arizona, but he jointly owns a mobile home in Camden County with his wife. Camden County levied an ad valorem tax against the mobile home for the tax year 2001, and Martinet filed this complaint asserting that the property was exempt from the tax under the federal Soldiers' and Sailors' Civil Relief Act.[1]

Following the dismissal of his complaint, Martinet filed a notice of appeal. He asserts on appeal that because his claim was brought as a 42 USC § 1983 action, he did not have to pursue the administrative remedies under OCGA § 48-5-450. The tax commissioner argues that Martinet was required to satisfy the requirements of OCGA § 48-5-450 before challenging the taxes and also contends that because Martinet did not bring the original complaint as a § 1983 action, he is foreclosed from making that claim for the first time on appeal.

Pursuant to OCGA § 48-5-450,

> any owner who contests the assessment of an ad valorem tax against a mobile home may secure a decal for the year in question, by filing with the tax collector or tax commissioner an affidavit of illegality to the assessment together with a surety bond issued by a surety company authorized to do business in this state or, in lieu of such bond, a bond approved by the clerk of the superior court of the county or a cash bond. Whatever bond is filed shall be in an amount equal to the tax and any penalties and interest which may be found to be due. The bond shall be made payable to the tax collector or tax commissioner and shall be conditioned upon the payment of taxes and penalties ultimately found to be due. The affidavit of illegality and the bond shall be transferred immediately by the tax collector or tax commissioner to the superior court, shall be filed in the superior court, and shall be tried as affidavits of illegality are tried in tax cases. Any owner who contests the value assessment of a motor vehicle or mobile home may appeal such assessed

---

[1] The Civil Relief Act of 1940, 50 USCS Appx § 574 (1) forbids a state or its subdivisions from imposing taxes on a nonresident serviceman's personal property if the assessment would be based solely on the location of personal property.

value as provided for in Code Section 48-5-311, insofar as applicable.

"[This] procedure provides a direct appeal to the superior court, avoiding the normal, slower appeal procedure for contested ad valorem assessments that now goes through the county board of equalization before going to the superior court." *Fulton County Tax Commr. v. Gen. Motors Corp.*, 234 Ga. App. 459, 462 (1) (507 SE2d 772) (1998).

Assuming without deciding that, as Martinet asserts, his original claim was brought under 42 USC § 1983, "[t]o recover under 42 USC § 1983, [he] must make a threshold showing that he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. Taken alone, § 1983 creates no substantive rights; however, it provides a remedy for the deprivation of rights established elsewhere." (Punctuation and footnotes omitted.) *Stanford v. City of Manchester*, 246 Ga. App. 129, 131-132 (2) (539 SE2d 845) (2000). While Martinet asserts that the taxation of his property was a "violation of due process," he does not specify in the original complaint,[2] or in his argument to this Court, what constitutional right was violated. "[A]bsent the existence of an underlying constitutional right, no section 1983 claim will lie." (Punctuation and footnote omitted.) Id. at 132 (2).

That being so, we agree with the trial court that Martinet was required to pursue the procedural requirements for contesting tax assessments under OCGA § 48-5-450 and, as the court noted, until Martinet complies with the statutory requirements, the court is foreclosed from granting the relief sought. Accordingly, we affirm the dismissal of his claim.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 6, 2003.

Lance R. Martinet, *pro se.*
O. Brent Green, Randall C. Sorenson, for appellee.

---

[2] We assume that Martinet's assertion in his complaint that "[t]he Plaintiff challenges the taxation as an impermissible violation of the due process clause of the Fourteenth Amendment" is the 42 USC § 1983 claim.