[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14630
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00304-CAR

ROBERT HARVEY, III,

Plaintiff-Appellant,

versus

ALEXANDER DANIELS,
Officer, Forsyth Police Department,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 2, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Harvey, III appeals the district court's *sua sponte* dismissal of his *pro se* 42 U.S.C. § 1983 complaint against Officer Alexander Daniels of the Forsyth Police Department.  In his complaint, Harvey alleged that Daniels wrongfully arrested him for assaulting someone with a knife, and that the illegality of his arrest and other evidence invalidated his conviction.  He had already completed serving his prison sentence before filing his complaint.  The district court dismissed the complaint without providing Harvey an opportunity to amend it.

On appeal, Harvey does not expressly challenge any of the bases for the district court's dismissal of his complaint, but, instead, disputes the factual basis for the arrest at the heart of his § 1983 complaint.[1]

I.

A district court must screen a complaint in a civil action in which an indigent plaintiff seeks redress from a governmental entity, officer, or employee, and the court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (e)(2)(B).  This Court reviews *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915A(e)(2).  *Leal v. Georgia Dept. of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).  A claim is frivolous only if it "lacks an

---

[1] Harvey does not raise any issues regarding the district court's failure to afford him an opportunity to amend his complaint prior to dismissing it.  Accordingly, he has abandoned any such issue.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (Although we construe *pro se* briefs liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned.").  In any event, amendment would have been futile for reasons set forth *infra*.

2

arguable basis either in law or in fact," and *pro se* pleadings must be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotations omitted). We may affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

State prisoners must use habeas corpus, not § 1983, when seeking, whether directly or indirectly, to invalidate their convictions. *Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 1245-48, 161 L.Ed.2d 253 (2005). A prisoner indirectly challenges his confinement by requesting monetary damages for claims that would require a judicial determination about the invalidity of his conviction. *Id.* at 80-82, 125 S.Ct. at 1247-48. This bar to challenges under § 1983 to the fact or duration of confinement was articulated by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held that a § 1983 action will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481-82, 114 S.Ct. at 2369-70. It is unclear, however, whether *Heck* bars § 1983 claims once, as in the instant case, a state prisoner is no longer in custody and cannot pursue habeas relief. *See Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010) ("[W]e do not understand *Heck*'s rule to extend to a case . . . where Plaintiff is not in custody and where Plaintiff's action . . . in no way implies the invalidity of his

3

conviction or of the sentence imposed by his conviction) (citing *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998)).

A claimant is entitled to relief under § 1983 if he can prove that a person acting under color of state law deprived him of a federal right.  *Almand v. DeKalb Cnty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997).  We have identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort under § 1983.  *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  The common law elements of malicious prosecution include: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff."  *Barnette v. Coastal Hematology & Oncology, P.C.*, 294 Ga.App. 733, 735, 670 S.E.2d 217, 220 (2008) (internal quotation marks omitted).

We have also identified false arrest and false imprisonment as violations of the Fourth and Fourteenth Amendment, respectively, and viable claims under § 1983.  *See Ortega v. Christian*, 85 F.3d 1521, 1525-26 (11th Cir. 1996).  The common law elements of false arrest include: (1) an arrest under the process of law; (2) without probable cause; and (3) which is made maliciously.  *Mohamud v. Wachovia Corp.*, 260 Ga. App. 612, 612, 580 S.E.2d 259, 259 (2003).  The common law elements of false imprisonment include: (1) the unlawful arrest,

4

confinement, or detention of another, and (2) which is in violation of the individual's personal liberty. *Garcia v. State*, 240 Ga. App. 53, 54, 527 S.E.2d 877, 878 (1999).

To avoid dismissal of a § 1983 claim, a plaintiff must allege facts showing he was deprived of a constitutional right by a person acting under color of state law. 42 U.S.C. § 1983; *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). All constitutional claims brought under § 1983 are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action was brought. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). We independently review the district court's ruling concerning the applicable statute of limitations. *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Id.* Federal law determines when the statute of limitations begins to run. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 561-62 (internal marks omitted). Georgia's statute of limitations is two years. *Thigpen v. Bibb County, Ga., Sheriff's Dep't*, 223 F.3d 1231, 1243 (11th Cir. 2000). Under Georgia law, an action may be filed after the running of the statute of limitations

period under certain circumstances provided for in the state's renewal statute, which states that:

> When any case has been commenced in either state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . .

O.C.G.A. § 9–2–61. It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify why the statute of limitations might be tolled in his case. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).

Assuming *arguendo* that Harvey adequately preserved a challenge to the district court's dismissal of his complaint and that *Heck* does not apply, we still affirm. Harvey filed his complaint in federal court more than two years after his arrest, past the applicable statute of limitations. *Thigpen*, 223 F.3d at 1243. The limitations period was not tolled by Harvey's earlier state court litigation, because he did not discontinue or dismiss the suit but, instead, judgment was entered against him, and it thereby does not satisfy the renewal statute. O.C.G.A. § 9–2–61. Accordingly, because the claims in Harvey's § 1983 brief were time-barred, amending the complaint would have been futile, and the district court was not required to provide Harvey with an opportunity to amend his complaint. *Sibley*, 437 F.3d at 1074. As such, we affirm the district court's *sua sponte* dismissal of Harvey's complaint.

6

**AFFIRMED.**[2]

---

[2]    Harvey's motions for review of state court litigation and for default or declaratory judgment are DENIED.